IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRACIE B. THOMAS**                                                                                      **PLAINTIFF**

**V.**                                                           **3:18-CV-230-HTW-LRA**

**JACKSON STATE UNIVERSITY and**
**JOHN AND JANE DOE I-X**                                                **DEFENDANTS**

## ANSWER AND DEFENSES OF JACKSON STATE UNIVERSITY

Defendant Jackson State University states the following affirmative defenses and otherwise responds to the averments of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively denies that it interfered with Plaintiff's rights under the Family Medical Leave Act.

### SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively denies that it discriminated and/or retaliated against Plaintiff during for any reason, and denies that Plaintiff was adversely affected during her employment at any time for any discriminatory and/or retaliatory reason.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to include certain of her claims or the factual bases therefore in her EEOC charge, those claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

The business judgment rules bars some or all of Plaintiff's claim. Defendant had legitimate, non-discriminatory and non-retaliatory business reasons with respect to all of its employment actions and decisions involving Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Defendant at all times acted reasonably based on the information available to it.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiff's lawsuit, Defendant acted in good faith with respect to its employment decisions concerning Plaintiff, and Defendant' decisions with respect to Plaintiff were made without retaliatory intent or motivation.

## SEVENTH AFFIRMATIVE DEFENSE

The doctrines of waiver, estoppel and/or laches bar some or all of Plaintiff's claim.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges she sustained damages as a result of Defendant's conduct, which Defendant denies, Plaintiff failed to make reasonable efforts to mitigate her damages in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted in whole or in part from her own actions, or the actions of a third party for which Defendant is not legally responsible.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff may seek punitive damages, her claim is barred or limited by federal and/or state law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads all caps and/or limitations on liability and damages that are contained in sections of the Family Medical Leave Act, the Americans with Disabilities Act, and/or 42 U.S.C. §1981a.

## TWELFTH AFFIRMATIVE DEFENSE

Some of Plaintiff's claims are barred by the Eleventh Amendment and/or the doctrine of sovereign immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative defenses that it may discover during the course of this litigation.

## **ANSWER**

Having pled affirmatively and reserving the right to amend its affirmative defenses, Defendant responds to Plaintiff's specific averments as follows:

1. Defendant admits this Court has jurisdiction over this matter.

2. Defendant admits that venue is proper in this Court.

3. Defendant lacks sufficient information to admit or deny the averments of Paragraph 3.

4. Admitted.

5. Defendant lacks sufficient information to admit or deny the averments of Paragraph 5.

6. Upon information and belief, Defendant admits that Plaintiff visited the doctor in March 2016.

7. Admitted.

8. Defendant admits that Plaintiff filed for additional FMLA leave and that the request was granted for the period indicated. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 8.

9. Defendants admit that Plaintiff applied for and was granted additional FMLA leave. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 8.

10. Defendant admits that Plaintiff exhausted her available FMLA leave on or about August 4, 2016, and that Plaintiff was on FMLA leave until that date.

11. Denied.

12. Defendant admits that Dr. Mehri Fadavi met with Plaintiff around August 4, 2016. Defendant admits that Dr. Fadavi told Plaintiff that Dr. Fadavi would not approve Plaintiff's request for additional major medical leave after the expiration of her FMLA leave. Defendant denies that Dr. Fadavi terminated Plaintiff at that meeting.

13. Denied.

14. Defendant admits that Plaintiff filed an EEOC charge and received a right-to-sue letter.

In response to the unnumbered paragraph beginning, "WHEREFORE, PREMISES CONSIDERED," Defendant denies that Plaintiff is entitled to any form of relief whatsoever.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this

Court dismiss Plaintiff's claims with prejudice, grant judgment in favor of Defendant and award Defendant all costs and expenses.  Defendant requests such other relief as may be appropriate under the circumstances.

    THIS, the 19th day of April, 2018.

                                              Respectfully submitted,

                                              JACKSON STATE UNIVERSITY

                                              /s/ *Paul B. Watkins, Jr.*
                                            POPE S. MALLETTE (MB NO. 9836)
                                            PAUL B. WATKINS, JR. (MB NO. 102348)
                                            ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi  38655
Tel: (662) 236-0055
Fax: (662) 236-0035
Email: pwatkins@mayomallette.com

**CERTIFICATE OF SERVICE**

      I, Paul B. Watkins, Jr., one of the attorneys for Defendants, do certify that I have electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record.

      THIS, the 19th day of April, 2018.

                                                        /s/ *Paul B. Watkins, Jr.*
                                                  PAUL B. WATKINS, JR.